IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

CURTIS LITTLEJOHN,

                              Plaintiff,

        v.

S. CHANT,

                              Defendant.

_____

Civil Action No.
9:17-CV-0941 (DNH/DEP)

APPEARANCES:

FOR PLAINTIFF:                        OF COUNSEL:

**[last known address]**
Curtis LittleJohn, *Pro Se*
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, NY 12821

FOR DEFENDANT:

HON. ERIC T. SCHNEIDERMAN        ERIK BOULE PINSONNAULT
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

        This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by

*pro se* plaintiff Curtis LittleJohn, a former New York State prison inmate

who was released from state custody on or about January 11, 2018, and whose whereabouts are not currently known to the court. Plaintiff alleges that defendant Chant, a corrections officer employed at the facility in which plaintiff was confined at the relevant times, retaliated against him in violation of the First Amendment by issuing him a false misbehavior report.

Since his release from prison, plaintiff has failed to file a notice with the court advising of his new address, and mail sent to the address that the court has on file has been returned as undeliverable. Because it is apparent that plaintiff has failed to comply with the requirement that he update the court with his current address, I recommend that plaintiff's complaint be dismissed.

I.      BACKGROUND

Plaintiff originally attempted to commence this action as an agent and representative of the "Curtis Craig LittleJohn ©Trust" on August 25, 2017. Dkt. No. 1. At that time, plaintiff was a New York State prison inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and confined in the Washington Correctional Facility ("Washington C.F.") located in Comstock, New York. *Id.*

On September 6, 2017, District Judge David N. Hurd issued a

decision and order in which he outlined in detail the various problems with proceeding *pro se* on behalf of a trust and directed plaintiff, *inter alia*, to re-submit a copy of the complaint if he wished to proceed on his own behalf. Dkt. No. 4. Plaintiff availed himself of that opportunity on September 15, 2017, *see* Dkt. No. 6, and later submitted an application to proceed *in forma pauperis* ("IFP"), *see* Dkt. Nos. 10-11. On November 13, 2017, Judge Hurd issued a decision and order, pursuant to 28 U.S.C. §§ 1915(e), 1915A, in which he granted plaintiff's IFP application and *sua sponte* dismissed certain of plaintiff's claims. Dkt. No. 12.

On November 27, 2017, plaintiff wrote to Judge Hurd from the Washington C.F. and requested an extension of time to amend his complaint to reassert "dismissed claims." Dkt. No. 14. In addition, plaintiff requested that Judge Hurd issue an order directing the return of certain "U.C.C. documents[, which] were confiscated on 10/25/17." *Id.* In response, Judge Hurd denied plaintiff's request for an extension, advising him "that within the time limits set forth in Rule 15 of the Federal Rules of Civil Procedure, he may submit an amended complaint as of right or, if necessary, a motion to amend supported by a proposed amended complaint." Dkt. No. 17. Judge Hurd further advised plaintiff that his request regarding documents was denied and that he should pursue his

3

concerns through administrative channels at the Washington C.F. *Id.*

On January 25, 2018, defendant filed a motion to dismiss plaintiff's complaint for failure to state a claim on which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 22. The following day, the court notified plaintiff that his response to the motion was due February 12, 2018. Dkt. No. 23. That notice was sent to the following address:

> Curtis LittleJohn 15-A-0476
> Washington Correctional Facility
> Box 180
> 72 Lock 11 Lane
> Comstock, NY 12821

*Id.* That mail was returned to the court on February 5, 2018 with a notation that read "Return to Sender – Refused – Unable to Forward." Dkt. No. 24.

Plaintiff has not filed a response to defendant's pending motion. Based upon a review of the publically-available DOCCS inmate locator website, it appears that plaintiff was conditionally released by the DOCCS to parole as of January 11, 2018. *See* New York State DOCCS, http://nysdoccslookup.doccs.ny.gov (last visited Feb. 15, 2018). To date, plaintiff has failed to provide a current address where he can be reached for purposes of communications from the court.

II.   <u>DISCUSSION</u>

The fact that a court communication sent to the address given by plaintiff in his complaint was returned as undeliverable not only presents an obvious impediment to the case proceeding forward, but also reflects a failure by plaintiff to comply with this court's local rules, which require that all parties, including *pro se* litigants, inform the court of an address where communications concerning a pending action may be sent, and of any changes in that address. N.D.N.Y. L.R. 10.1(c). A reminder concerning that rule is included in the district's *pro se* handbook, which is on file at each of the prisons within the DOCCS and made available for reference by New York State inmates. Moreover, plaintiff was reminded of this rule in Judge Hurd's decision granting plaintiff's IFP application and permitting the case to proceed. [Dkt. No. 12 at 7](). Plaintiff's non-compliance with this rule provides a basis for a court to conclude that there has been a failure by plaintiff to properly pursue his claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to comply with an order of the court. *See* Fed. R. Civ. P. 41(b); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation*

*by* Lowe, M.J.).[1]  That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Williams v. Faulkner*, No. 95-CV-0741, 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J., *adopting report and recommendation by* Scanlon, M.J.); *Moshier v. Trabout*, No. 96-CV-1666, 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998) (Pooler, J. *adopting report and recommendation by* Hurd, M.J.). The failure of a litigant to comply with the requirement to notify a court of a change of address is sufficient to justify dismissal of a plaintiff's complaint. *See Dansby v. Albany Cnty. Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) ("It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties . . . will be conducted principally by mail." (internal quotation marks omitted)); *Decker v. Hogan*, No. 09-CV-0239, 2010 WL 3522524, at *1 (N.D.N.Y. June 16, 2010) (Baxter, M.J.), *report and recommendation*

---

[1]     All unreported cases cited to in this report have been appended for the convenience of the *pro se* plaintiff.

*adopted by* 2010 WL 3522522 (N.D.N.Y. Sept. 2, 2010) (McAvoy, J.),

("Moreover, notwithstanding the leniency with which pro se plaintiffs are

treated, a plaintiff has a duty to inform the court of any address changes.");

*see also Williams*, 1998 WL 278288, at *2; *Mosher*, 1998 WL 167298, at

*1-2.

The question of whether a Rule 41(b) dismissal for failure to comply

with an order of the court is warranted is informed by the following five

factors:

> (1) the duration of the plaintiff's failure to comply
> with the court order, (2) whether plaintiff was on
> notice that failure to comply would result in
> dismissal, (3) whether the defendants are likely to
> be prejudiced by further delay in the proceedings,
> (4) a balancing of the court's interest in managing
> its docket with the plaintiff's interest in receiving a
> fair chance to be heard, and (5) whether the judge
> has adequately considered a sanction less drastic
> than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). I have carefully evaluated

those five factors, and conclude that each weighs decidedly in favor of

dismissal.

Plaintiff originally attempted to commence this matter nearly six

months ago, and it is likely that memories of the events in question are

fading, relevant documents have been discarded, and potential witnesses

have become unavailable. *See, e.g., Geordiadis v. First Boston Corp.*, 167

7

F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade."). Given plaintiff's manifest disinterest in pursuing his claims in this action, I find that the need to alleviate congestion on the court's docket outweighs his right to receive a further opportunity to be heard in this matter. As required, I have considered less-drastic sanctions, but reject them. For example, I am persuaded that issuing an order reprimanding plaintiff for his conduct would be futile, given that such an order would, in all likelihood, never reach plaintiff due to his failure to provide the court with his current address.

III.   <u>SUMMARY AND RECOMMENDATION</u>

This matter obviously cannot proceed without notification to the court by the plaintiff of his current address. Because plaintiff has failed to fulfill his obligation to provide such notification, it is hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED in its entirety, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon plaintiff's failure to prosecute and to comply with this court's orders and local rules of practice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.

FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

report and recommendation upon the plaintiff in accordance with this

court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:      February 15, 2018
            Syracuse, New York

9

Case 9:17-cv-00941-DNH-DEP   Document 25   Filed 02/15/18   Page 10 of 24

Dansby v. Albany County Correctional Facility Staff, Not Reported in F.Supp. (1996)

1996 WL 172699

1996 WL 172699
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Kevin DANSBY, Plaintiff,
v.
ALBANY COUNTY CORRECTIONAL
FACILITY STAFF, Defendant.

No. 95-CV-1525 (RSP/RWS).
|
April 10, 1996.

**Attorneys and Law Firms**

Kevin Dansby pro se.

**Opinion**

*ORDER*

POOLER, District Judge.

**\*1** In an order and report-recommendation dated December 8, 1995, Magistrate Judge Smith noted that Dansby had not signed the complaint he filed to commence this action. Magistrate Judge Smith directed Dansby to submit an affidavit which contained all of the representations delineated in Fed.R.Civ.P. 11(b) with respect to his complaint. The magistrate judge recommended dismissal of Dansby's action if Dansby failed to comply with the terms of the report-recommendation within forty-five (45) days from the date of the service.

On December 12, 1995, a copy of the report-recommendation was served on Dansby by regular mail to his last known address, the Albany County Jail. On December 22, 1995, the jail returned the report-recommendation marked "Return to Sender -- No Forwarding Order on File."

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629 (1962). The district court may exercise its discretion to dismiss when necessary

to achieve orderly and expeditious disposition of cases. *See Rodriguez v. Walsh,* 1994 W.L. 9688, at \*1 (S.D.N.Y. 1994).

Moreover, a plaintiff has the duty to inform the Court of any address changes. As the Fifth Circuit has stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (citing *Williams v. New Orleans Public Service, Inc.,* 728 F.2d 730 (5th Cir. 1984); *Wilson v. Atwood Group,* 725 F.2d 255 (5th Cir. 1984) (en banc)); *see Wehlen v. Foti et al.,* 1987 W.L. 8039, at \*1-2 (E.D.La. 1987); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without Dansby filing the affidavit described above or notifying the court of his current address. Therefore, it is hereby

ORDERED, that this action is dismissed. *See* Rules 5.4(b)(4) and 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail at his last known address.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1996 WL 172699

**Dansby v. Albany County Correctional Facility Staff, Not Reported in F.Supp. (1996)**

1996 WL 172699

**End of Document**                                         © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2010 WL 3522524
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Michael L. DECKER, Plaintiff,

v.

Michael F. HOGAN, et al., Defendants.

No. 9:09–CV–239 (TJM/ATB).
|
June 16, 2010.

**Attorneys and Law Firms**

Michael L. Decker, pro se.

Andrew M. Cuomo, Attorney General of the State of New York, Charles J. Quackenbush, Asst. Attorney General.

**Opinion**

### ORDER and REPORT–RECOMMENDATIONANDREW

ANDREW T. BAXTER, United States Magistrate Judge.

**\*1** This matter was referred for Report and Recommendation by the Honorable Thomas J. McAvoy pursuant to 28 U.S.C. § 636(b) and Local Rules NDNY 72.3(c). The case was transferred to me on January 4, 2010, following the retirement of U.S. Magistrate Judge Gustave J. Di Bianco. (Dkt. No. 15).

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, challenging the constitutionality of the Sex Offender Treatment Program administered at the Central New York Psychiatric Center by the New York State Office of Mental Health. (Dkt. No. 1). Presently before the court is defendants' motion to dismiss this action for failure to notify the court of a change of address and for failure to prosecute. (Dkt. No. 17). For the following reasons, this court agrees with defendants and will recommend dismissal of the complaint.

### DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff,* 95–CV–1525, 1996 WL 172699, 1996 U.S. Dist. LEXIS 4782 (N.D .N.Y. April 10, 1996) ("It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties ... will be conducted principally by mail."). Moreover, notwithstanding the leniency with which pro se plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Ealy v. Superintendent of Groveland Corr. Facility,* 680 F.Supp.2d 445, 448 (W.D.N.Y.2009) (failure by *pro se* petitioner to update his address "is no small matter"). "Dismissal of a *pro se* litigant's action may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal.' " *Agiwal v. Mid Island Mortgage Corp.,* 555 F.3d 298, 302 (2d. Cir.2009) (quoting *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1996).

"The demand that plaintiffs provide contact information *is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." Dumpson v. Goord,* 2004 U.S. Dist. LEXIS 14317, at \*8, 2004 WL 1638183 (W.D.N.Y. July 22, 2004) (emphasis added). Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with LOCAL RULE 10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal; and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc .,* 375 F.3d 248, 254 (2d Cir.2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme

situations." *Minnette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir.1993).

**\*2** Plaintiff filed this action on February 27, 2009. (Dkt. No. 1). Senior Judge McAvoy's order dated March 26, 2009, specifically warned plaintiff of the possibility of dismissal for failure to *promptly* notify the court and all parties or their counsel of *any* change of address. (Dkt. No. 5 at 4). The court issued a pre-trial scheduling order on October 13, 2009. (Dkt. No. 14). In that order, the deadline for discovery was set for February 6, 2010, and the deadline for dispositive motions was set for May 7, 2010.

On January 4, 2010, this case was assigned to me upon the retirement of Magistrate Judge Gustave J. Di Bianco pursuant to an order of Chief District Court Judge Norman A. Mordue. (Dkt. No. 15). The order reassigning this case was served on plaintiff at the Central New York Psychiatric Center—the last address that plaintiff had provided to the court. On January 8, 2010, the order was returned as "undeliverable" because plaintiff "went home." (Dkt. No. 16). On February 17, 2010, defendants made this motion to dismiss for failure to prosecute. (Dkt. No. 17). Plaintiff has not responded to the motion.

Plaintiff was clearly warned in the filing order in this case that the failure to notify the court and defendants of a change of address would result in the dismissal of this action. (Dkt. No. 5). There is no indication that plaintiff did not receive the order or the warning. Although plaintiff may not have received defendants' motion to dismiss, this was due to plaintiff's own failure to inform the court and defendants where correspondence could be sent. In *Mathews v. U.S. Shoe Corp.,* 176 F.R.D. 442, 445 (W.D.N.Y.1997), the court dismissed the *pro se* plaintiff's lawsuit where plaintiff's failure to receive the court's order warning of dismissal was due either to plaintiff's deliberate failure to claim the letter or the failure to advise the court of plaintiff's change of address.

It appears that plaintiff has abandoned this action. Defendants will certainly be prejudiced by any further delay. There is no issue of court congestion in this action. However, in reviewing the file in this action, the court notes that plaintiff is a registered sex offender, who has been required to provide an address to New York State. The address is available on the Division of Criminal Justice Services website. [1] It is not the defense counsel's responsibility to find the plaintiff, and based on the circumstances in this case and an analysis of the Second Circuit's factors, this court will still recommend dismissal of this action for failure to prosecute. In an abundance of caution, however, the court will serve this report and recommendation on plaintiff at the last address he provided to the court, the Central New York Psychiatric Center, and at the address found on the Division of Criminal Justice Services website. Plaintiff will then have fourteen days to object to this report-recommendation if he wishes to pursue his action.

**\*3 WHEREFORE,** based on the findings above, it is

**RECOMMENDED,** that defendants' motion to dismiss (Dkt. No. 17) be **GRANTED,** and the complaint be **DISMISSED FOR FAILURE TO NOTIFY THE COURT OF HIS CHANGE OF ADDRESS AND FOR FAILURE TO PROSECUTE;** and it is further

**ORDERED,** that the clerk shall serve a copy of this Order and Report–Recommendation on plaintiff at the address on the Division of Criminal Justice Services website, 777 Gillett Road, Rochester, New York 14624, and at the last address he provided to this court, Central New York Psychiatric Center, P.O. Box. 300, Marcy, New York 13403.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(e), 72.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 3522524

Footnotes

**Decker v. Hogan, Not Reported in F.Supp.2d (2010)**

2010 WL 3522524

1    http://www.criminaljust ice.state.ny.us/SomsSUBDirectory/search_ index.jsp.

---

**End of Document**                                      © 2018 Thomson Reuters. No claim to original U.S. Government Works.

Case 9:17-cv-00941-DNH-DEP   Document 25   Filed 02/15/18   Page 15 of 24

Moshier v. Trabout, Not Reported in F.Supp. (1998)

1998 WL 167298

1998 WL 167298
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Donald L. MOSHIER, Jr. Plaintiff,

v.

Marshall TRABOUT, Dr., M.D., Health Services
Director at Cayuga Correctional Facility; Jack
Keiser, M.D.; Patrick Buttarazzi, M.D., Defendants.

No. 96–CV–1666 (RSP/DNH).
|
April 2, 1998.

**Attorneys and Law Firms**

Donald L. Moshier, Jr., Oneida Correctional Facility, Rome, for Plaintiff, Pro Se.

Dennis C. Vacco, New York State Attorney General, Attorneys for Defendants, State of New York, Albany, Gregory J. Rodriguez, Esq., Assistant Attorney General, of Counsel.

**Opinion**

ORDER

POOLER, D.J.

**\*1** The above matter comes to me following an order and report-recommendation by Magistrate Judge David N. Hurd, duly filed on the 6th day of March, 1998. Dkt. No. 18. Following ten days from the service thereof, the clerk has sent me the entire file, including any and all objections. No party filed objections.

The magistrate judge recommended that I dismiss Moshier's lawsuit because he has failed to inform the court of his current address. Several documents sent to plaintiff have been returned as undeliverable, including a copy of the March 6, 1998, report-recommendation. See Dkt. No. 19. As the magistrate judge correctly noted, I advised Moshier in a previous order of his duty to inform the court of any address change and the consequences of his failure to do so. Dkt. No. 6 at 7. In addition, plaintiff in the past has demonstrated his ability to inform the court of an address change. See Dkt. Nos. 4 & 5. Because Moshier

has failed to comply with this requirement, I dismiss the complaint pursuant to Local Rule 41.2(b).

Therefore, after reviewing the entire file in this matter, it is

ORDERED that the report-recommendation is approved, and

ORDERED that the complaint is dismissed pursuant to Local Rule 41 .2(b), and it is further

ORDERED that the clerk serve a copy of this order upon the parties by regular mail.

IT IS SO ORDERED.

HURD, Magistrate J.

ORDER and REPORT–RECOMMENDATION

*I. Background*
This civil rights action was commenced by the plaintiff on October 15, 1996.

On September 8, 1997, the undersigned issued a Pretrial Scheduling Order regarding this action, which Order was thereafter served on the parties hereto by regular mail. On September 11, 1997, such Order, which was mailed to plaintiff's last known residence, was returned to the Court as undeliverable to plaintiff at such address, marked "Return to Sender. Released." See docket no. 16. Since that time, other correspondence that has been sent to plaintiff from the Clerk's office relating to this action has been similarly returned to the Court as undeliverable to plaintiff at his last known address. See docket no. 17.

*II. Discussion*
Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan,* No. 95–CV–1190, 1996 WL 481534, *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez*

1998 WL 167298

*v. Walsh,* No. 92–Civ–3398, 1994 WL 9688, *1 (S.D.N.Y., Jan.14, 1994) (other citations omitted)).

Moreover, a plaintiff has the duty to inform the court of any address changes. As Judge Pooler has stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

**\*2** *Dansby v. Albany Cty. Corr. Facility,* No. 95–CV–1525, 1996 WL 172699, *1 (Apr. 10, 1996) (quoting *Perkins v. King,* No. 84–3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

Additionally, plaintiff was previously advised by District Judge Rosemary S. Pooler that plaintiff was required to promptly notify the Clerk's Office of any change in his address, and that his failure to keep such office apprised of his current address would result in the dismissal of the instant action. See docket no. 6 at 7.

This matter cannot proceed without notification to the Court by the plaintiff of his current address. Therefore, the undersigned recommends that this action be dismissed pursuant to Local Rule 41.2(b).

WHEREFORE, based upon the above, it is hereby

RECOMMENDED, that this action be dismissed pursuant to Local Rule 41.2(b) (dismissal of action appropriate where plaintiff fails to notify Court of change of address), and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. *FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(e) and 72.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1998 WL 167298

---

**End of Document** © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2007 WL 4246443
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Jose RODRIGUEZ, Plaintiff,

v.

Glen S. GOORD, et al, Defendants.

No. 9:04-CV-0358 (FJS/GHL).
|
Nov. 27, 2007.

**Attorneys and Law Firms**

Jose Rodriguez, Willard, NY, pro se.

Andrew M. Cuomo, Attorney General of the State of
New York, David L. Cochran, Esq., Assistant Attorney
General, of Counsel, Albany, NY, for Defendants.

**Opinion**

### DECISION AND ORDER

FREDERICK J. SCULLIN, Senior District Judge.

*\*1* The above-captioned matter having been presented to
me by the Report-Recommendation of Magistrate Judge
George H. Lowe filed November 6, 2007, and the Court
having reviewed the Report-Recommendation and the
entire file in this matter, and no objections to said Report-
Recommendation having been filed, the Court hereby

**ORDERS,** that Magistrate Judge Lowe's November 6,
2007 Report-Recommendation is **ACCEPTED** in its
entirety for the reasons stated therein; and the Court
further

**ORDERS,** that Defendants' motion, pursuant to Local
Rule 41.2(b), to dismiss for Plaintiff's failure to provide
notice to the Court of a change of address, is **GRANTED;**
and the Court further

**ORDERS,** that the Clerk of the Court enter judgment in
favor of the Defendants and close this case.

**IT IS SO ORDERED.**

### REPORT-RECOMMENDATION

GEORGE H. LOWE, United States Magistrate Judge.

This *pro se* prisoner civil rights action, filed pursuant to
42 U.S.C. § 1983, has been referred to me for Report and
Recommendation by the Honorable Frederick J. Scullin,
Jr., Senior United States District Judge, pursuant to 28
U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules
of Practice for this Court. Generally, Jose Rodriguez
("Plaintiff") alleges that, while he was an inmate at Oneida
Correctional Facility in 2003 and 2004, ten employees of
the New York State Department of Correctional Services
("Defendants") were deliberately indifferent to his serious
medical needs, and subjected him to cruel and unusual
prison conditions, in violation of the Eighth Amendment.
(Dkt. No. 27 [Plf .'s Am. Compl.].) Currently pending
is Defendants' motion to dismiss for failure to provide
notice to the Court of a change of address, pursuant to
Local Rule 41.2(b) of the Local Rules of Practice for
this Court. (Dkt. No. 86.) Plaintiff has not opposed the
motion, despite having been given more than six weeks in
which to do so. Under the circumstances, I recommend
that (1) Defendants' motion to dismiss be granted, and (2)
in the alternative, the Court exercise its inherent authority
to *sua sponte* dismiss Plaintiff's Amended Complaint for
failure to prosecute and/or failure to comply with an Order
of the Court.

### I. DEFENDANTS' MOTION TO DISMISS

Under the Local Rules of Practice for this Court, Plaintiff
has effectively "consented" to the granting of Defendants'
motion to dismiss, since (1) he failed to oppose the
motion, (2) the motion was properly filed, and (3)
Defendants have, through the motion, met their burden
of demonstrating entitlement to the relief requested in the
motion. L.R. 7.1(b)(3).

In particular, with regard to this last factor (i.e., that
Defendants have met their burden of demonstrating
entitlement to the relief requested), Defendants argue that
their motion to dismiss should be granted because (1)
Local Rule 41.2(b) provides that "[f]ailure to notify the
Court of a change of address in accordance with [Local
Rule] 10.1(b) may result in the dismissal of any pending
action," (2) on April 15, 2004, Plaintiff was specifically
advised of this rule when (through Dkt. No. 5, at 4)
the Court advised Plaintiff that "his failure to [promptly

notify the Clerk's Office and all parties or their counsel of any change in his address] will result in the dismissal of his action," (3) on May 22, 2007, Plaintiff was released from the Willard Drug Treatment Center, (4) since that time, Plaintiff has failed to provide notice to the Court (or Defendants) of his new address, as required by Local Rule 10.1(b)(2), and (5) as a result of this failure, Defendants have been prejudiced in that they have been unable to contact Plaintiff in connection with this litigation (e.g., in order to depose him, as authorized by the Court on May 4, 2007). (Dkt. No. 86, Part 4, at 1-2 [Defs.' Mem. of Law].)

**\*2** Authority exists suggesting that an inquiry into the third factor (i.e., whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1[b][3] ) is a more limited endeavor than a review of a contested motion to dismiss. [1] Specifically, under such an analysis, the movant's burden of persuasion is lightened such that, in order to succeed, his motion need only be "facially meritorious." [2] Given that Defendants accurately cite the law and facts in their memorandum of law, I find that they have met their lightened burden on their unopposed motion. Moreover, I am confident that I would reach the same conclusion even if their motion were contested.

For these reasons, I recommend that the Court grant Defendants' motion to dismiss.

## II. *SUA SPONTE* DISMISSAL

Even if Defendants have not met their burden on their motion to dismiss, the Court possesses the inherent authority to dismiss Plaintiff's Amended Complaint *sua sponte* under the circumstances. Rule 41 of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a proceeding for (1) failure to prosecute the action and/or (2) failure to comply with the Federal Rules of Civil Procedure or an Order of the Court. Fed.R.Civ.P. 41(b). [3] However, it has long been recognized that, despite Rule 41 (which speaks only of a *motion* to dismiss on the referenced grounds, and not a *sua sponte* order of dismissal on those grounds), courts retain the "inherent power" to *sua sponte* "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also Saylor v. Bastedo,* 623 F.2d 230, 238 (2d Cir.1980); *Theilmann v. Rutland Hospital, Inc.,* 455

F.2d 853, 855 (2d Cir.1972). Indeed, Local Rule 41.2(a) not only recognizes this authority but *requires* that it be exercised in appropriate circumstances. *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge *shall* order it dismissed.") [emphasis added].

### A. Failure to Prosecute

With regard to the first ground for dismissal (a failure to prosecute the action), it is within the trial judge's sound discretion to dismiss for want of prosecution. [4] The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions. [5]

**\*3** As a general rule, no single one of these five factors is dispositive. [6] However, I note that, with regard to the first factor, Rule 41.2 of the Local Rules of Practice for this Court provides that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). In addition, I note that a party's failure to keep the Clerk's Office apprised of his or her current address may also constitute grounds for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. [7]

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal. The duration of Plaintiff's failure is some six-and-a-half months, i.e., since April 22, 2007, the date of the last document that Plaintiff attempted to file with the Court (Dkt. No. 85). Plaintiff received adequate notice (e.g., through the Court's above-referenced Order of April 15, 2004, and Defendants' motion to dismiss) that his failure to litigate this action (e.g., through providing a current address) would result in dismissal. Defendants are likely to be prejudiced by further delays in this proceeding, since

they have been waiting to take Plaintiff's deposition since May 4, 2007. (Dkt. No. 84.) I find that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this action. [8] Finally, I have considered all less-drastic sanctions and rejected them, largely because they would be futile under the circumstances (e.g., an Order warning or chastising Plaintiff may very well not reach him, due to his failure to provide a current address).

### B. Failure to Comply with Order of Court

With regard to the second ground for dismissal (a failure to comply with an Order of the Court), the legal standard governing such a dismissal is very similar to the legal standard governing a dismissal for failure to prosecute. "Dismissal ... for failure to comply with an order of the court is a matter committed to the discretion of the district court." [9] The correctness of a dismissal for failure to comply with an order of the court is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. [10]

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal for the same reasons as described above in Part II.A. of this Report-Recommendation. I note that the Order that Plaintiff has violated is the Court's Order of April 15, 2004, wherein the Court ordered Plaintiff, *inter alia,* to keep the Clerk's Office apprised of his current address. (Dkt. No. 5, at 4.) Specifically, the Court advised plaintiff that *"[p]laintiff*

*is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do same will result in the dismissal of this action."* (*Id.*) I note also that, on numerous previous occasions in this action, Plaintiff violated this Order, resulting in delays in the action. (*See* Dkt. Nos. 47, 48, 49, 50, 54, 59, 72, 78, 79 & Dkt. Entry for 12/15/06 [indicating that mail from the Court to Plaintiff was returned as undeliverable].)

**\*4** As a result, I recommend that, should the Court decide to deny Defendants' motion to dismiss, the Court exercise its authority to dismiss Plaintiff's Amended Complaint *sua sponte* for failure to prosecute and/or failure to comply with an Order of the Court.

**ACCORDINGLY,** for the reasons stated above, it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 86) be *GRANTED%;* and it is further

**RECOMMENDED** that, in the alternative, the Court exercise its inherent authority to *SUA SPONTE DISMISS* Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with an Order of the Court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15 [2d Cir.1989] ); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e)..

### All Citations

Not Reported in F.Supp.2d, 2007 WL 4246443

Footnotes

1     *See, e.g., Hernandez v. Nash,* 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8, 2003 WL 22143709 (N.D.N.Y. Sept. 10, 2003)* (Sharpe, M.J.) (before an unopposed motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious* ") [emphasis added; citations omitted]; *Race Safe Sys. v. Indy Racing League,* 251 F.Supp.2d 1106, 1109-10 (N.D.N.Y.2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3] ); *see also Wilmer v. Torian,* 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M .J.) (applying prior version of Rule 7.1 [b][3], but recommending dismissal because of plaintiff's failure to

respond to motion to dismiss *and* the reasons set forth in defendants' motion papers), *adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord, Carter v. Superintendent Montello,* 95-CV-0989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F.Supp. 595 (N.D.N.Y.1996) (Pooler, J.).

2    *See, e.g., Hernandez,* 2003 U.S. Dist. LEXIS 1625 at *8.

3    Fed.R.Civ.P. 41(b) (providing, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant").

4    *See Merker v. Rice,* 649 F.2d 171, 173 (2d Cir.1981).

5    *See Shannon v. GE Co.,* 186 F.3d 186, 193 (2d Cir.1999) (affirming Rule 41[b] dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on plaintiff's failure to prosecute the action) [citation and internal quotation marks omitted].

6    *See Nita v. Conn. Dep't of Env. Protection,* 16 F.3d 482 (2d Cir.1994).

7    *See, e.g., Robinson v. Middaugh,* 95-CV-0836, 1997 U.S. Dist. LEXIS 13929, at *2-3, 1997 WL 567961 (N.D.N.Y. Sept. 11, 1997) (Pooler, J.) (dismissing action under Fed.R.Civ.P. 41[b] where plaintiff failed to inform the Clerk of his change of address despite having been previously ordered by Court to keep the Clerk advised of such a change); *see also* N.D.N.Y. L.R. 41.2(b) ("Failure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action.").

8    It is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months). Simply stated, I am unable to afford Plaintiff with further special solicitude without impermissibly burdening the Court and unfairly tipping the scales of justice against Defendant.

9    *Alvarez v. Simmons Market Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988) [citations omitted].

10    *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) [citations omitted].

---

End of Document        © 2018 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW    © 2018 Thomson Reuters. No claim to original U.S. Government Works.    4

Williams v. Faulkner, Not Reported in F.Supp. (1998)

1998 WL 278288

1998 WL 278288
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Larry WILLIAMS, Plaintiff,

v.

Faulkner, Capt., Clinton Correctional Facility;
R. Carey, Lieutenant, Clinton Correctional
Facility; D.A. Senkowski, Superintendent;
Wright, Sergeant, Clinton Correctional Facility;
Philip Coombe; Elson, Correctional Officer;
R.J. Mahuta, Correctional Officer, Defendants.

No. 95–CV–741 (RSP/DS).
|
May 20, 1998.

**Attorneys and Law Firms**

Larry Williams, Southport Correctional Facility, Pine
City, for Plaintiff, pro se.

Dennis C. Vacco, New York Attorney General, Attorney
for Defendants, Albany, David Fruchter, Esq., Assistant
Attorney General, of Counsel.

**Opinion**

ORDER

POOLER, D.J.

**\*1** Plaintiff, Larry Williams, alleges defendants violated
his rights under the First, Eighth, and Fourteenth
Amendments and the Religious Freedom Restoration
Act by confiscating and destroying his Islamic flag and
other items. Compl., Dkt. No. 1, ¶ II. Defendants moved
for summary judgment on August 24, 1995. Dkt. No.
13. Williams moved to amend the complaint and for
appointment of counsel. Dkt. No. 15. By order and report-
recommendation dated January 3, 1996, Magistrate Judge
Daniel Scanlon recommended I grant defendants' motion
for summary judgment and deny Williams's motions. Dkt.
No. 21. On January 8, 1996, after having mailed a copy of
this order to the parties, the Clerk's Ofice received notice
from Williams of a change in his address. Dkt. No. 22.
Assuming that Williams had not received a copy of the
report-recommendation due to this change, on September
16, 1997, the Court mailed another copy of the report-

recommendation to Williams at his new address. Dkt. No.
24. On September 18, 1997, this mailing was returned to
the court as undeliverable and marked "return to sender
—released 4/21/97."

In a report-recommendation filed April 24, 1998, the
magistrate judge recommended I dismiss this action
pursuant to Local Rule 41.2(b) due to Williams's failure
to keep the Court apprised of his most recent address
and deny defendants' summary judgment motion as
moot. Dkt. No. 26. After carefully reviewing the report-
recommendation and the entire file herein, I conclude
that the magistrate judge's recommendation is not clearly
erroneous. It is therefore

ORDERED that the report-recommendation is adopted,
this action dismissed, and defendants' summary judgment
motion denied as moot.

SCANLON, Magistrate J.

ORDER and REPORT–RECOMMENDATION

The complaint in this civil rights matter was filed May 30,
1995.

Plaintiff alleges violation of his rights under the First,
Eighth and Fourteenth Amendments and the Religious
Freedom Restoration Act when his Islamic flag and other
items were confiscated and destroyed.

Plaintiff seeks declaratory, compensatory and punitive
damages.

*Background:*
Defendants filed a Motion for Summary Judgment on
August 24, 1995 (dkt.13). Plaintiff filed a motion on
September 28, 1995, to Amend the Complaint and for
Appointment of Counsel (dkt.15), and opposition to
defendants' motion.

By Order and Report–Recommendation of January 3,
1996, the undersigned denied plaintiff's Motion to Amend
and Appointment of Counsel request, and recommended
that defendants' Motion for Summary Judgment be
granted.

Williams v. Faulkner, Not Reported in F.Supp. (1998)
1998 WL 278288
Case 9:17-cv-00941-DNH-DEP    Document 25    Filed 02/15/18    Page 22 of 24

A copy of such Order and Report–Recommendation was mailed to the parties on January 3, 1996. Plaintiff's change of address was received January 8, 1996, advising the court of his address change to Southport Correctional Facility, P.O. Box 2000, Pine City, N.Y. 14871.

By the Court's letter, mailed certified/return receipt, to plaintiff of September 16, 1997 he was advised that the Order and Report–Recommendation was mailed to the parties five days prior to his change of address receipt by the court. Therefore, the court assumed that plaintiff did not receive a copy of the Order and Report–Recommendation and re-served same with the letter. Plaintiff was given ten (10) days from the receipt of the court's letter to file any objections to this Magistrate Judge's Order and Report–Recommendation. On September 18, 1997, this mailing was returned to the Court as undeliverable to plaintiff at such address with the notation "return to sender—released 4/21/97".

Discussion:

**\*2** Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may at its discretion dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. See *Rodriguez v. Walsh,* 1994 U.S. Dist. LEXIS 278 (S.D.N.Y. January 13, 1994) (citations omitted).

Moreover, a plaintiff has the duty to inform the court of any address change. As this district recently stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties

or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Correctional Facility.* 95–CV–1515, 1996 WL 172699,\*1 (Apr. 10, 1996)(quoting *Perkins v. King,* 84–3310 slip op. at 4 (5th Cir. May 19, 1985)(other citations omitted); see *generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

Upon recent inquiry of the Attorney General's office of the current Assistant Attorney General handling this matter, we were advised the current Asst. Attorney General is David Fruchter, Esq. WHEREFORE, it is,

ORDERED, that the clerk amend the name of the defendants' counsel in this matter to David Fruchter, Esq., and since this matter cannot proceed without notification to the court by plaintiff of a current and valid address, and plaintiff having failed to do so, it is hereby,

RECOMMENDED, that defendants' motion for summary judgment, (dkt.13) be deemed moot, and it is,

RECOMMENDED, that this action be dismissed, pursuant to Local Rule 41.2(b) (dismissal of action appropriate where plaintiff fails to notify the court of change of address, by order of the Hon. Rosemary S. Pooler, United States District Judge.

The Clerk is directed to forward this Order and Report–Recommendation to the Hon. Rosemary S. Pooler, without waiting the normal ten (10) day period [1] for opposition to this Recommendation.

**All Citations**

Not Reported in F.Supp., 1998 WL 278288

---

Footnotes

1    The most recent address for plaintiff is inadequate for the court's use. The court's latest correspondence to plaintiff at the Southport Correctional Facility was returned as noted in the above Order and Report–Recommendation.

**Williams v. Faulkner, Not Reported in F.Supp. (1998)**

1998 WL 278288

---

**End of Document**                          © 2018 Thomson Reuters. No claim to original U.S. Government Works.

---

2010 WL 3522522

2010 WL 3522522
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial
staff and not assigned editorial enhancements.**

United States District Court,
N.D. New York.

Michael L. DECKER, Plaintiff,

v.

Michael F. HOGAN, et al., Defendants.

No. 9:09–CV–239.
|
Sept. 2, 2010.

**Attorneys and Law Firms**

Michael L. Decker, Marcy, NY, pro se.

Charles J. Quackenbush, New York State Attorney
General, The Capitol Albany, NY, for Defendants.

**Opinion**

**DECISION & ORDER**

THOMAS J. McAVOY, Senior District Judge.

**\*1** This *pro se* action brought pursuant to 42 U.S.C.
§ 1983 was referred to the Hon. Andrew T. Baxter,
United States Magistrate Judge, for a Report and
Recommendation pursuant to 28 U.S.C. § 636(b) and
Local Rule 72.3(c). No objections to the Report–
Recommendation dated June 16, 2010 have been filed,
and the time to do so has expired. Furthermore, after
examining the record, this Court has determined that
the Report–Recommendation and Order is not subject to
attack for plain error or manifest injustice. Accordingly,
the Court adopts the Report–Recommendation for the
reasons stated therein.

It is therefore,

**ORDERED** that Defendants' Motion to Dismiss (Dkt.
No. 17) is **GRANTED** and the and the complaint
is **DISMISSED FOR FAILURE TO NOTIFY THE
COURT OF HIS CHANGE OF ADDRESS AND FOR
FAILURE TO PROSECUTE.** The Clerk of the Court is
instructed to enter judgment in favor of Defendants and
to close the file in this matter.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 3522522

**End of Document**                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.